(20 App. Div. 516.)

### PERHAM v. NOEL.

(Supreme Court, Appellate Division, Third Department. September 28, 1897.)

1. WITNESS—IMPEACHMENT—FORM OF QUESTION.
    Under Code Civ. Proc. § 832, authorizing the fact of a witness' conviction of a crime or misdemeanor to be proved by his cross-examination, "upon which he must answer any question relevant to that inquiry," it is proper to ask him how many times he has been in state's prison or in jail.

2. SAME—OFFER TO SHOW CRIMINAL CONVICTION—PREJUDICIAL ERROR.
    Where the testimony of a witness is material, it is reversible error to exclude an offer to show by his cross-examination that he has been convicted of a crime, there being no objection on the ground that a direct question should be asked.

Appeal from Clinton county court.

Action by Edward Perham against Residore Noel. From a judgment of the county court affirming a judgment of a justice's court in favor of plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. S. Haff, for appellant.
John H. Booth, for respondent.

MERWIN, J. The plaintiff claimed to recover for work, labor, and services. He was an important witness in his own behalf. Upon his cross-examination by the counsel for the defendant he was asked the following questions: "How many times have you been in jail? How many times have you been in state prison? Have you been in state prison?" Each of these questions was objected to as immaterial, and in each instance the objection was sustained. The defendant then offered to prove by the witness that he had been convicted of felony, and been sentenced to state's prison. The plaintiff objected to this as immaterial, and that "a record of conviction can only be produced to impeach the witness' testimony." The objection was sustained, and the evidence excluded.

It was competent for the defendant, on cross-examination, to prove by the witness that he had been convicted of a crime or misdemeanor. Code Civ. Proc. § 832; People v. Burns, 33 Hun, 296; People v. Noelke, 94 N. Y. 137. In People v. Hovey, 29 Hun, 382, it

was held competent, under section 832, to ask a witness how many times he had been in prison. The allowance of the question as to the witness' being in jail was somewhat in the discretion of the court (Real v. People, 42 N. Y. 270), though it is said that the discretion should be liberally exercised, with a view to arrive at truth. The exclusion of the offered proof as to conviction was error, and prejudicial to the rights of the defendant. It is suggested that the offer was improper, but no objection was taken to the form of it, or that a direct question should be asked. The evidence of the witness was quite material, and, as to some of the disputed facts, he was the only witness on the part of the plaintiff. The error referred to cannot be properly disregarded. It follows that there must be a reversal.

Judgment of the county court and of the justice reversed, with costs in all the courts. All concur.